≈AO 245B   (Rev. 09/11) Judgment in a Criminal Case
       Sheet 1   Revised by WAED - 02/16

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 16 2016

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

# UNITED STATES DISTRICT COURT
## Eastern District of Washington

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| AUSTIN LEE RUSSELL | Case Number: 2:15CR00127-WFN-1 |
| | USM Number: 18552-085 |
| | J. Barto McEntire, IV   and   Russell L. Mikow |
| | Defendant's Attorney |

Date of Original Judgment   6/13/2016

☑ Correction of Sentence by Sentencing Court (Fed. R. Crim. P.35(a))
☐

**THE DEFENDANT**:

☑ pleaded guilty to count(s)   4 of the Indictment

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1), (b)(1)(C) | Distribution of a Detectable Amount of Heroin | 08/28/15 | 4 |

   The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   1, 2 and 3 of the Indictment   ☐ is   ☑ are   dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/8/2016
Date of Imposition of Judgment

_[signature]_
Signature of Judge

The Hon. Wm. Fremming Nielsen   Senior Judge, U.S. District Court
Name and Title of Judge

June 16, 2016
Date

AO 245B     (Rev. 09/11) Judgment in Criminal Case
            Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: AUSTIN LEE RUSSELL
CASE NUMBER: 2:15CR00127-WFN-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 60 Months

*   With credit for any time served. This 60-month sentence is ordered to run concurrently with the state sentence in Spokane County Case No. 2015-1-03401-5.

☑ The court makes the following recommendations to the Bureau of Prisons:

That Defendant be allowed to participate in the 500 RDAP program as well as be designated to either Sheridan, Oregon or Phoenix, Arizona.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: AUSTIN LEE RUSSELL
CASE NUMBER: 2:15CR00127-WFN-1

Judgment—Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 5 Years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- [ ] The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) You shall not knowingly leave the Federal judicial district without first getting permission from the court or probation officer;
2) You shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) You must answer truthfully the questions the probation officer asks you related to the conditions of supervised release, subject to your Fifth Amendment rights;
4) STRICKEN
5) You shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) You shall notify the probation officer at least ten days prior to any change in residence or employment, or within 72 hours due to unanticipated circumstances;
7) STRICKEN
8) You shall not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to any controlled substances, except as prescribed by a physician. Use, acquisition, or possession of marijuana with or without a physician's prescription is prohibited;
9) You shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) If you know someone is committing a crime, or is planning to commit a crime, you must not knowingly communicate or interact with that person in any way. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person in any way without first getting the permission of the probation officer;
11) You must allow the probation officer to visit you at reasonable times at your home, or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view;
12) You shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
13) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without permission of the court; and
14) If the probation officer determines that you pose a risk to another person, and requires you to tell the other person about the risk, you must tell the other person and allow the probation officer to confirm that you have told them.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
          Sheet 3C — Supervised Release

Judgment—Page **4** of **6**

DEFENDANT: AUSTIN LEE RUSSELL
CASE NUMBER: 2:15CR00127-WFN-1

## SPECIAL CONDITIONS OF SUPERVISION

15) You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing (which may include urinalysis or sweat patch), as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

16) You shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare. You shall contribute to the cost of treatment according to your ability to pay. You shall allow full reciprocal disclosure between the supervising officer and treatment provider.

17) You shall submit your person, residence, office, or vehicle to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You shall warn persons with whom you share a residence that the premises may be subject to search.

18) You shall abstain from alcohol and shall submit to testing (including urinalysis and Breathalyzer) as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

19) You shall not enter into or remain in any establishment where alcohol is the primary item of sale.

Judgment — Page 5 of 6

DEFENDANT: AUSTIN LEE RUSSELL
CASE NUMBER: 2:15CR00127-WFN-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $100.00        | $0.00    | $0.00           |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
|               |             |                     |                        |

TOTALS   $   0.00   $   0.00

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
        Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT: AUSTIN LEE RUSSELL
CASE NUMBER: 2:15CR00127-WFN-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☑  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☑ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

Defendant shall participate in the BOP Inmate Financial Responsibility Program. During the time of incarceration, monetary penalties are payable on a quarterly basis of not less than $25.00 per quarter.

While on supervised release, monetary penalties are payable on a monthly basis of not less than $25.00 per month or 10% of the Defendant's net household income, whichever is larger, commencing 30 days after the Defendant is released from imprisonment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the following address until monetary penalties are paid in full: Clerk, U.S. District Court, Attention: Finance, P.O. Box 1493, Spokane, WA 99210-1493.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Case Numbers (including defendant number) and Defendant and Co-Defendant Names, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
   Administrative forfeiture through ATF of Firearms and ammunition as set out in the parties' 11(c)(1)(C) Plea Agreement, ¶ 12, as follows: (1) a Harrington and Richardson .32 caliber revolver, Serial No. 303137; (2) a Davis .380 caliber pistol, Serial No. AP481014; (3) a Ruger Redhawk .44 magnum revolver, Serial No. 50000438; (4) a .40 caliber Smith & Wesson, Serial No. HAT3978; (5) multiple duffle bags of stolen Border Patrol gear; and (6) 11 rounds of Winchester .32 auto caliber ammunition.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.