PROB 12C
(6/16)

Report Date: February 10, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 10, 2021

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Austin Lee Russell | Case Number: 0980 2:15CR00127-WFN-1 |
| Address of Offender: | Spokane Valley, Washington 99212 |

Name of Sentencing Judicial Officer:  The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: June 8, 2016

| | | | |
|---|---|---|---|
| Original Offense: | Distribution of a Detectable Amount of Heroin, 21 U.S.C. § 841(a)(1), (b)(1)(C) | | |
| Original Sentence: | Prison - 60 Months<br>TSR - 60 Months | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | U.S. Attorney's Office | Date Supervision Commenced: | December 6, 2019 |
| Defense Attorney: | Federal Public Defender | Date Supervision Expires: | December 5, 2024 |

### PETITIONING THE COURT

**To issue a WARRANT**.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #2**: The defendant shall not commit another federal, state, or local crime.<br><br>**Mandatory Condition #5**: The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.<br><br>**Supporting Evidence**: Mr. Austin Russell is alleged to have violated mandatory conditions number 2 and 5, on February 9, 2021, by having in his possession a black .22 caliber pistol in addition to a 50-count box of .22 caliber ammunition, 11 boxes of 12-gauge ammunition, and assorted additional ammunition. In addition, Mr. Russell was determined to have committed the offense of driving on a suspended license. Specifically, and according to the police report received relative to the client's conduct as outlined, the client was subsequently arrested on February 9, 2021, with charges now being recommended for Felon in Possession of a Firearm, in violation of IC 18-3316, a felony, and Driving Suspended Out of State, in violation of IC 18-8001, a misdemeanor.<br><br>On December 6, 2019, Mr. Russell signed his conditions relative to case number 2:15CR00127-WFN-1, indicating he understood all conditions as ordered by the Court. Specifically, Mr. Russell was made aware by his U.S. probation officer that he was required to refrain from the commission of any federal, state or local crime. In addition, Mr. Russell was advised of his inability to possess a firearm or ammunition. |

Prob12C
Re: Russell, Austin Lee
February 10, 2021
Page 2

On February 9, 2021, the undersigned officer received a telephone call from a Benewah County sheriff's deputy advising he had conducted a traffic stop on the client, at which time the client was arrested for driving with a suspended license. The deputy advised that following the client's arrest, .22 caliber ammunition was located in the vehicle, with both shotgun ammunition and "large caliber" rifle ammunition being located in the trunk of the vehicle. The deputy was advised by the undersigned officer that the client was not to possess ammunition based on his conditions of supervised release and federal law. The deputy advised that the client would be arrested for driving while license suspended and transported to the Benewah County Jail. Approximately 1 hour later, the deputy again contacted the undersigned officer and advised the client was initially observed by the deputy to be parked on the side of the road upon his approach, and that upon returning to the area, a .22 caliber pistol was also located. The deputy advised he would additionally be charging the client with felon in possession of a firearm.

On February 9, 2021, at 4:30 p.m., the police report relative to the incident, as outlined herein, was received by the undersigned officer. According to the report, on February 9, 2021, at approximately 6:59 a.m., the deputy was driving northbound on Highway 95 in Idaho when he observed a vehicle parked in the pull out area of Highway 95 and Windfall Pass Road. It should be noted that the client was previously provided permission by the undersigned officer to travel into Idaho on a regular basis for the purpose of employment. The deputy noted that he turned around to make contact with the party, stating it appeared the client was spinning "donuts" in the pull out area. The deputy then observed the client begin to drive away. The deputy noted that he was able to motion for the driver to wait, at which time he was able to pull in behind the driver and activate his overhead lights for safety as he noted that they were now blocking the intersection of Windfall Pass Road and Highway 95.

Upon contact, the deputy noted that the client appeared nervous and denied making donuts with his vehicle, noting it was front wheel drive. The driver provided the deputy with his license and noted he did not have a current registration or insurance, having just purchased the vehicle. The deputy learned the client's license was in fact suspended out of Washington State, and that he was on federal supervision. The client was again contacted at which time he indicated he was on federal supervision, but stated that he did not know the name or number of his assigned officer. The deputy placed the client under arrest, and he was placed in the back of his patrol car.

While completing an inventory of the vehicle, prior to the tow, the deputy located a "50 count box of .22 caliber shells" in the center console along with a .22 caliber magazine for a rifle. A large black case was subsequently located in the trunk of the vehicle and was determined to be harboring a "large amount" of ammunition, to include 11 boxes of 12-gauge ammunition, in addition to other assorted ammunition. The contacted towing company subsequently arrived on scene to take possession of the client's vehicle, at which time the driver advised that he would park where the client was originally observed so it did not block Highway 95. The deputy noted that when the driver exited his vehicle, he picked up a "revolver pistol" that was laying in the snow next to where the client had originally been parked, following which the driver turned the pistol over to the deputy. All evidence was subsequently seized and logged into evidence. While en route to the jail the client stated that the deputy would not be able to prove the pistol belonged to him.

While at the Benewah County Jail, the deputy was forwarded a call from dispatch from a community member who advised that the pistol did not belong to the client and the pistol, which she described, in fact belonged to her husband, and the client was simply transporting

Prob12C
Re: Russell, Austin Lee
February 10, 2021
Page 3

the firearm to him to be repaired. The pistol, along with the five rounds of ammunition that were loaded into the cylinder, were subsequently sent to the Idaho State Crime Lab for finger print identification. The report concludes noting that the report and crime scene photos would be forwarded to the Benewah County Prosecutor for further consideration of charges.

The U.S. Probation Office respectfully recommends the Court **issue a <u>WARRANT</u>** requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   February 10, 2021

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

2/10/2021

Date